# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KEVIN McDONALD, )
)
    Plaintiff, )
)
v. ) Case No. 10 C 1233
)
Chicago Police Officers RODOLFO )
CAMARILLO, JR., #7168, LOU TOTH, )
#14630, UNKNOWN and UNNAMED )
OFFICERS, and the CITY OF CHICAGO, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kevin McDonald has sued Chicago police officers Rodolfo Camarillo, Jr. and Lou Toth and the City of Chicago. The City has moved to dismiss count 4 of McDonald's third amended complaint for failure to state a claim. For the reasons stated below, the Court denies the motion.

## Background

McDonald alleges that on November 7, 2009, he was taken into police custody by Camarillo and Toth without a proper legal basis, jailed, and falsely charged with criminal trespass to land. Earlier versions of McDonald's complaint included state law claims for false arrest, malicious prosecution, negligent supervision, and negligent retention. McDonald later agreed to dismiss the negligent retention and negligent supervision claims with prejudice.

In his third amended complaint, McDonald asserts a claim under 42 U.S.C. §

1983 for unreasonable seizure and state law claims for false arrest, malicious prosecution, and "willful and wanton supervision." The City has moved the Court to dismiss the latter claim on the grounds that it is barred by the Illinois Tort Immunity Act; it is the same as the previously-dismissed claim for negligent supervision; it is duplicative and serves no purpose because that the City has admitted that it will indemnify the officers if they are found liable; and its factual allegations are insufficient.

## Discussion

When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded factual allegations in the complaint and draws reasonable inferences in favor of the plaintiff. *See, e.g., Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). The plaintiff is not required to make detailed factual allegations, but he must allege facts that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). That said, the Court determines only the sufficiency of the plaintiff's complaint, not its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990).

To prevail on his claim of willful and wanton supervision, McDonald must demonstrate that the City acted with the intention to cause harm or in a manner that showed an utter indifference to or conscious disregard for the safety of others. 745 ILCS 10/1-210. He can establish conscious disregard by showing the City knew or should have known its employee behaved in a dangerous or otherwise incompetent manner and failed to exercise ordinary care to prevent the behavior. *See Murray v. Chicago Youth Center*, 224 Ill. 2d 274, 286, 864 N.E.2d 227, 235 (2007).

2

The City first contends that McDonald's claim is barred under the Illinois Tort Immunity Act, specifically 745 ILCS 10/2-201. This section provides:

> [A] public employee serving in a position involving determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201.

Section 2-201 bars a plaintiff's claim if the action leading to the plaintiff's injury involved both a policy decision and a discretionary act. *Harineck v. 161 North Clark St. Ltd. P'ship*, 181 Ill. 2d 335, 341, 692 N.E.2d 1177, 1181 (1998). A policy decision is one that requires the public employee to balance competing interests and make a judgment call as to which course of action would best serve those interests. *Van Meter v. Darien Park Dist.*, 207 Ill. 2d 359, 373, 799 N.E.2d 273, 281 (2003). A discretionary act is one that is unique to a particular public office and performed with a degree of flexibility. *Snyder v. Curran Twp.*, 167 Ill. 2d 466, 467, 657 N.E.2d 988, 989 (1995).

By contrast, section 2-201 does not cover the performance of ministerial actions. *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 194, 680 N.E.2d 265, 272 (1997). A ministerial act is one that is performed on a given state of facts in a prescribed manner, under the mandate of legal authority, without reference to the official's discretion regarding the propriety of the act. *Snyder*, 167 Ill. 2d at 467, 657 N.E.2d at 989. Ministerial acts do not involve any sort of judgment or determination but instead involve the execution of a set task that is "absolute, certain, and imperative." *Chicago Flood Litig.*, 167 Ill. 2d at 194, 680 N.E.2d at 272.

Immunity, of course, is a defense. For that reason, the issue before the Court is

whether the complaint itself establishes as a matter of law that statutory immunity bars McDonald's negligent supervision claim. It does not. Specifically, the Court cannot determine from the complaint alone that the City's supervision of the particular officer required both a determination of policy and an exercise of discretion. Though both are often involved in supervising employees, this is not enough to require dismissal. Rather, the complaint must "plainly reveal" "everything necessary to satisfy the affirmative defense." *United States v. Louis,* 411 F.3d 838, 842 (7th Cir. 2008); *see Patton v. Chicago Heights*, No. 09 C 5566, 2010 WL 1813478, at *3 (N.D. Ill. May 03, 2010) (noting that "while intuitively, it would seem that the training of police officers would require discretion and involve policy determinations, cases are not to be decided on the basis of intuition"). The act of supervision in question could just as well be ministerial, and the City does not point to any allegations in the complaint to contradict this possibility.

Instead, the City relies solely on *Taylor v. City of Chicago*, No. 96 C 1979, 1997 WL 51445 (N.D. Ill. Feb. 3, 1997), to argue that supervision of police officers is discretionary and involves policy determinations. In *Taylor*, the court dismissed a claim of willful and wanton failure to train, supervise, and control officers, holding that immunity under section 2-201 applied. The court reasoned that "[s]ubsidiary acts associated with the operation of a police department include hiring and training decisions. Such decisions are inherently discretionary and, therefore, subject to the immunities provided by the Tort Immunity Act." *Id.* at *4. *Taylor* does not address, however, whether supervision involves policy determinations, a current requirement for

4

immunity under the Act to apply (*Taylor* preceded *Harineck* by a year).

The City next argues that the claim of willful and wanton supervision should be dismissed because it is the same as McDonald's previous claim of negligent supervision. The City contends that there is no case law to establish willful and wanton supervision as a separate type of claim from one of negligent supervision.

The Court disagrees. The Illinois Supreme Court has addressed the distinction between negligence and willful and wanton conduct, stating "that willful and wanton conduct, although sharing some characteristics of negligence, can be distinguished from that type of fault." *Burke v. Rothchild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 450, 593 N.E.2d 522, 532 (1992). Willful and wanton conduct "approaches the degree of moral blame attached to intentional harm, since the defendant deliberately inflicts a highly unreasonable risk of harm upon others in conscious disregard of it." *Bresland v. Ideal Roller & Graphics Co.*, 150 Ill. App. 3d 445, 457, 501 N.E.2d 830, 839 (1986). The Tort Immunity Act itself provides a similar definition. *See* 745 ILCS 10/1-210.

Courts have applied the definition in section 1-210 when analyzing separate claims of willful and wanton conduct versus negligent conduct, including claims involving supervision. *See Hill v. Galesburg Comm. Sch. Dist. 205,* 346 Ill. App. 3d 515, 522, 805 N.E.2d 299, 305 (2004) (concluding that a complaint failed to state a claim of negligence regarding a teacher's supervision of a student but sufficiently stated a claim for willful and wanton supervision). In addition, section 3-108 of the Tort Immunity Act specifically contemplates a claim for willful and wanton supervision, stating that immunity does not exist if "the local public entity . . . is guilty of willful and wanton

5

conduct in its supervision." 745 ILCS 10/3-108. Though the City is not seeking immunity under section 3-108, the statute nonetheless clearly contemplates the possibility of a claim for willful and wanton supervision. *See Hill,* 346 Ill. App. 3d at 522, 805 N.E.2d at 305.

The City next argues that the willful and wanton supervision claim is duplicative of other claims that are still a part of the case. McDonald has made claims against Camarillo for actions he performed within the scope of his employment. The City states that it will indemnify Camarillo if he is found liable, and it argues that the negligent supervision claim is unnecessary and only serves the purpose of allowing a jury to assess the City's liability twice.

Illinois courts have concluded that if an employer admits responsibility for its employee's actions under the doctrine of respondeat superior, the plaintiff cannot maintain a claim of negligent entrustment against the employer. *Gant v. L.U. Transport, Inc.*, 331 Ill. App. 3d 924, 929, 770 N.E.2d 1155, 1159 (2002). The Illinois Supreme Court held, however, that when the entrustment is alleged to be willful and wanton, claims against the employee and the employer are not duplicative. *Lockett v. Bi-State Transit Authority*, 94 Ill. 2d 66, 72, 445 N.E.2d 310, 313 (1983). The higher standard of culpability for willful and wanton conduct requires a different analysis, as it is possible for the employer to be found liable for willful and wanton misconduct even if the employee was merely negligent. *Id.* at 73, 445 N.E.2d at 314. Because McDonald's claim against the City is for willful and wanton supervision, *Lockett* governs, and the claims are not duplicative.

6

Finally, the City contends that McDonald has failed to state a claim for willful and wanton supervision. As indicated earlier, to survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts that, when taken as true, state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. If the plaintiff alleges fact sufficient to "raise a reasonable expectation that discovery will reveal evidence of the alleged violation," the claim will survive a motion to dismiss. *Twombly*, 550 U.S. at 556.

McDonald alleges that Camarillo had at least seven prior lawsuits filed against him for violation of citizens' constitutional rights. McDonald also alleges that there were numerous complaints against Camarillo to the Internal Affairs Division of the Chicago Police Department or the Independent Police Review Authority. McDonald alleges that Camarillo's supervisors and City knew about these lawsuits and complaints but failed to correct or respond to what McDonald characterizes as a pattern of misconduct. Taking these factual allegations as true (as the Court must at this stage), McDonald has made sufficient allegations to satisfy the plausibility standard.

**Conclusion**

For the reasons stated above, the Court denies the City of Chicago's motion to dismiss count 4 of the third amended complaint. The City is directed to answer that

7

claim within fourteen days of this order.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 1, 2010